IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MAWA, INC. d/b/a ERJO SERVICES DIVISION, | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | No. 11-2280 |
| UTILITY MANUFACTURING CO., INC. a/k/a JEM LAWE CO., INC., | : | |
| Defendant. | : | |

MEMORANDUM

**ROBERT F. KELLY, Sr. J.**                                                            DECEMBER 2, 2011

Presently before the Court is a Motion to Amend Complaint filed by Plaintiff Mawa, Inc. d/b/a/ ERJO Services Division ("Plaintiff"), and the response filed by Defendant Utility Manufacturing Co., Inc. a/k/a Jem Lawe Co., Inc. ("Defendant"). For the reasons below, the Motion is granted.

Plaintiff is in the business of cylinder re-qualification and maintenance; in other words, Plaintiff cleans and maintains metal cylinders (which contain gases such as oxygen when filled) owned by Plaintiff's customers. (Compl. ¶ 3.) Defendant is the "manufacturer of plumbing, heating, ventilation and air-conditioning, sanitary and janitorial chemicals." (Id. ¶ 4.) According to Plaintiff, it purchased containers of a compound called "Seal Rite #5," which aided in making a leak-proof connection between cylinder valves and cylinders, from Defendant. (Id. ¶ 6.) Plaintiff states that it applied "Seal Rite #5" to the threads of every cylinder which it was maintaining. (Id.) Plaintiff alleges that after it was informed by one of its customers, GTS-Welco, that a shipment of 750 medical "oxygen-E" cylinders were contaminated and unusable,

Plaintiff and Defendant discovered that a shipment of "Seal Rite #5" was defective. (Id. ¶¶ 11-16.) Plaintiff asserts that the defective "Seal Rite #5" was, in fact, not "Seal Rite #5," but was a substance normally used in the electrical industry. (Id. ¶ 16.) Plaintiff alleges that Defendant sent two gallons of a solvent that apparently did not successfully clean the threads of the 750 cylinders. (Id. ¶ 18.) Plaintiff supposedly had to devise its own cleaning method. (Id.)

Plaintiff's original Complaint was filed on March 31, 2011. (Doc. No. 1.) Relying upon diversity of citizenship for federal jurisdiction,[1] Plaintiff brings this action against Defendant for breach of contract, breach of express and implied warranties, and negligent misrepresentation. (Id. ¶¶ 20-26.) Plaintiff seeks monetary damages from Defendant. (Id.)

Plaintiff filed its Motion to Amend Complaint on November 11, 2011. (Doc. No. 11.) Plaintiff points out that the proposed Amended Complaint is substantively the same as the original Complaint except for the increase in the amount of the request for damages, and the itemization of damages. (Pl.'s Mot. to Am. Compl. at 2.) After consulting with a business evaluation expert during the discovery process, Plaintiff states that the damage request for $144,968.90, plus interest and costs, in the original Complaint is incorrect. (Id. at 1-2.) When calculating the damages using recognized accounting practices, Plaintiff asserts that the damages are actually $331,050.00, plus interest and costs. (Id. at 2.) Focusing on the significant increase in the request for damages, Defendant argues that Plaintiff should not be permitted to amend its original Complaint because the Amended Complaint is essentially a new cause of action seeking

---

[1] Plaintiff is a Pennsylvania corporation with its principal place of business in Norristown, PA. (Compl. ¶¶ 1, 21.) Defendant is a New York corporation with its principal place of business in Westbury, NY. (Id. ¶¶ 2, 21.) The amount in controversy allegedly exceeds $75,000. (Id. ¶ 21.)

new damages for permanent loss of business and for damages resulting from an alleged breach of contract.  (Def.'s Answer to Pl.'s Mot. to Am. Compl. ¶ 6.)

After considering all of the arguments, we conclude that Plaintiff's request for leave to amend its Complaint is warranted pursuant to Federal Rule of Civil Procedure 15(a).  See Fed. R. Civ. P. 15(a).  Rule 15(a) provides that "[a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. . . .  Otherwise a party may amend the party's pleading only by leave of the court or by written consent if justice so requires."  Fed. R. Civ. P. 15(a).  Since Defendant already filed its Answer to Plaintiff's Complaint, leave of court to amend is required.  The United States Court of Appeals for the Third Circuit holds that leave to amend should be granted liberally.  Alvin v. Suzuki, 227 F.3d 107, 121 (3d Cir. 2000).  It should only be denied in circumstances in which a "'plaintiff's delay in seeking amendment is undue, made in bad faith, prejudicial to the opposing party, or [the amendment] fails to cure the jurisdictional defect.'"  Id. at 121 (quoting Berkshire Fashions, Inc. v. M.V. Hauksan II, 954 F.2d 874, 886 (3d Cir. 1992)).

Although Defendant filed a brief in opposition to Plaintiff's Motion to Amend, Defendant does not make any express argument asserting that there is a delay in Plaintiff's seeking amendment that is undue, made in bad faith, or prejudicial to it.  (See Def.'s Answer Pl.'s Mot. to Am. Compl.)  Defendant does, however, assert that the Amended Complaint is essentially a new cause of action seeking new damages for permanent loss of business and for damages resulting from an alleged breach of contact.  (Id. at 1.)  Review of the original Complaint shows that it includes a request for damages seeking a loss of goodwill and reputation; albeit, the monetary damage amount of $50,000 is significantly less than the new request for damages

stemming from permanent loss of business in the sum of $268,424.

Under Rule 15(a), motions to amend may be filed for the following purposes: to cure a defective pleading; to correct insufficiently stated claims; to amplify a previously alleged claim; to change the nature or theory of the case; to state additional claims; to increase the amount of damages sought; to elect different remedies; or to add, substitute or drop parties to the action. Downing Props. Assoc. v. The Great Atl. & Pac. Tea Co., Inc., No. 00-3297, 2001 WL 827576, at *3 (E.D. Pa. July 23, 2001) (citing 6 Charles Alan Wright, Arthur R. Miller, et al., Federal Practice and Procedure: Civil 2d § 1474 (1990)); see also Wausau Underwriters Ins. Co. v. Shisler, 190 F.R.D. 341, 343 (E.D. Pa. 1999); Wolfson v. Lewis, 168 F.R.D. 530, 533 (E.D. Pa. 1996). Plaintiff's amendment seeks to increase the amount of damages sought, and there does not appear to be any undue prejudice, undue delay, bad faith or futility which may result from amending the Complaint. Accordingly, we find that Plaintiff's request to amend its Complaint is proper pursuant to Federal Rule of Civil Procedure 15(a). Plaintiff's Motion to Amend Complaint is granted.

An appropriate Order follows.